UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DONNELLA TURNER,** | : | **Case No. 1:09-CV-1000** |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **J.S. CARPENTER,** | : | **MEMORANDUM AND ORDER** |
| **Defendant.** | : | |

Before the Court is Defendant J.S. Carpenter's Motion to Dismiss. (Doc. 5.) For the following reasons, this motion is **GRANTED IN PART**. Turner's § 1983 claim is **DISMISSED WITH PREJUDICE**, but Turner's state law claim for assault and battery is **DISMISSED WITHOUT PREJUDICE**.

### I.  PROCEDURAL HISTORY

On December 3, 2006 Plaintiff Donnella Turner ("Turner") was arrested for driving under the influence of alcohol. (Compl. at 7.) Turner claims that Defendant J.S. Carpenter ("Carpenter") utilized excessive force in effectuating this arrest. (*Id*. at 8–10.) The most reasonable reading of the complaint indicates that Turner was aware of her injuries as of December 3, 2006, and Turner implicitly acknowledges this in her briefing. (*See* Doc. 6-1.)

On December 3, 2007, Turner brought suit in this Court. (*See* Case No. 1:07-CV-3705.) She took no action to prosecute this case, however, and on April 18, 2008, was ordered to show cause why the case should not be dismissed for want of prosecution. (*Id*. at Doc. 3.) She did not attempt to do so, and on April 30, 2008, that case was dismissed without prejudice under Federal Rule of Civil Procedure 4(m). (*Id*. at Doc. 4.)

On April 30, 2009, Turner filed the above captioned action asserting two claims: one under § 1983 asserting a violation of her civil rights, and one under state law alleging assault and battery. (Doc. 1.) She perfected service on August 18, 2009 (Doc. 4), and on September 4, 2009, Carpenter filed this motion (Doc. 5), alleging that Turner's action is time-barred.

On October 4, 2009, Turner requested additional time to respond to Carpenter's Motion to Dismiss (Doc. 6), which she was granted. On October 20, 2009, Turner filed a two-page opposition to Carpenter's Motion, which does not contain citation to caselaw or the record. (Doc. 7.)

**II. STANDARD OF REVIEW**

The Court may dismiss all or part of a complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) is directed solely at the complaint itself. *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983) (citing *Sims v. Mercy Hospital of Monroe*, 451 F.2d 171, 173 (6th Cir. 1971).) When evaluating a complaint in light of a motion to dismiss, the Court must accept all of the plaintiff's well-pled allegations as true and resolve every doubt in the plaintiff's favor. *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)).

That said, a claim will be dismissed when it does not "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory . . . ." *Twombly*, 127 S. Ct. at 1969 (internal citations and quotations omitted, emphasis in original). A court, moreover, is not entitled to accept "legal conclusions" or "conclusory allegations" as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *United States v. Salti*, No. 07-4487, 2009 U.S. App. LEXIS 19093, at *29 n.11 (6th Cir. August 25, 2009) (citing *Iqbal*, 129 S. Ct. at 1951).

Whereas a district court could once disregard only those "allegations . . . sufficiently fantastic to defy reality as we know it," the Supreme Court recently made clear that this bar is meaningfully higher.

2

*Courie v. Alcoa Wheel & Forged Prods.*, No. 07-4440, 2009 U.S. App. LEXIS 18561, at * 4-5 (6th Cir. August 18, 2009) (citing *Iqbal*, 129 S. Ct. at 1949; *Iqbal*, 129 S. Ct. at 1959 (Souter, J., dissenting).) To survive a motion to dismiss, the complaint must state "a plausible claim for relief." *Iqbal*, 129 S. Ct. at 1950 (emphasis added) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The requisite facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).

### III. THE STATUTE OF LIMITATIONS FOR § 1983

There is no federally defined Statute of Limitations period for § 1983 actions. Rather, for § 1983 actions arising in Ohio, a federal court relies upon the two-year limitations period provided by Ohio law for personal injury actions. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc); *see also Nader v. Blackwell*, 545 F.3d 459, 472 n.6 (6th Cir. 2008) ("[A] two-year statute of limitations applies to § 1983 actions arising in Ohio . . . ." (citing *Browning*, 869 F.2d at 989)). Such actions accrue from the date of the incident that would have "alerted the typical lay person to protect his or her rights." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2001) (citing *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991)).[1] In particular, "[a] plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

There are a variety of events that can toll the statute of limitations, however, and the Plaintiff argues that one of them, the Ohio Savings Statute, is relevant to this case. The Savings Statute applies where "an action is timely commenced and is then dismissed without prejudice after the applicable

---

[1] While the statute of limitations period is determined by Ohio law, the date those claims begin to accrue is determined by federal law. *Drake v. City of Detroit*, 266 Fed. Appx. 444, 448 (6th Cir. 2008) (citing *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)).

3

statute of limitations has run." *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (emphasis added) (citing *Lewis v. Connor,* 487 N.E.2d 285, 287 (Ohio 1985)) (other citations omitted). It provides:

> In any action that is commenced, . . . if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after . . . the plaintiff's failure . . . or within the period of the original applicable statute of limitations, whichever occurs later.

Ohio Rev. Code § 2305.19.

## IV. DISCUSSION

Turner asserts, without citation, that a one-year statute of limitations period applies to her suit. She argues that the Ohio Savings Statute thus allows her cause of action to proceed.[2] As previously indicated, however, Turner's position has been rejected by an en banc panel of the Sixth Circuit – it is well-established that a two-year statute of limitations applies to claims brought under § 1983. *See Browning*, 869 F.2d at 992; *see also Nader*, 545 F.3d at 472 n.6 ("[A] two-year statute of limitations applies to § 1983 actions arising in Ohio . . . ." (citing *Browning*, 869 F.2d at 989)). In other words, the statute of limitations on her claim expired on December 3, 2008 – five months after the dismissal of her claim by this Court. The Ohio Savings Statute is inapplicable when the statute of limitations expires *after* a plaintiff's claim has been dismissed. *See Harris v. Canton*, 725 F.2d 371, 375 (6th Cir. 1984). Accordingly, it is clear that Turner's § 1983 claim is time-barred.

Carpenter seems to imply that the Court should also dismiss Turner's state law claim for assault and battery with prejudice, although he provides no particular grounds on which this Court could properly do so. Turner responds by contending that this claim should be "transferred" to the state courts. (Doc. 7.) Turner is correct that state law claims belong in state court: because there is now no independent basis for federal jurisdiction over this matter, arguments relating to Turner's state law claim must be made before the courts of Ohio. *See May v. Franklin County Comm'rs*, 437 F.3d 579, 587 (6th

---

[2] She reasons, implicitly, that the statute of limitations expired on December 3, 2007 and her action was dismissed <u>after</u> this date, on April 4, 2008, thus giving her until April 4, 2009 to file suit under the Ohio Savings Statute.

Cir. 2006); *Whittington v. Milby*, 928 F.2d 188, 194 (6th Cir. 1991) (citation omitted). Turner is, however, incorrect with respect to how those claims should come to be there; since this action was not removed from state court, this Court cannot simply remand them there. Rather, Turner must file and assert her claims in state court.

### V.  CONCLUSION

For the aforementioned reasons, Carpenter's Motion to Dismiss (Doc. 5) is **GRANTED IN PART**. Turner's claim under § 1983 is **DISMISSED WITH PREJUDICE**, and Turner's state law claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

<u>s/Kathleen M. O'Malley</u>
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: January 5, 2010**